UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JOHN BUTLER, and,
TERRY BUTLER,

       Debtor(s).
_____/

Case No.: 09-75151
Chapter 13
Hon. Walter Shapero

**OPINION ON MOTION FOR CLARIFICATION OF
COURT'S ORDER OF SEPTEMBER 2, 2011**

On May 7, 2010, an order was entered confirming Debtor's Second Amended Plan containing a provision treating a secured claim covering a 2007 Toyota Tundra vehicle to be paid at the rate of $355.20 per month for a total of $21,311.75 over 60 months. On July 25, 2011, Debtor filed a Plan Modification which, among other things, set forth a surrender of that vehicle and a lift of the automatic stay (citing reduced income and a need to reduce plan payments as the rationale for the Modification). The only objection received was from the Trustee, which related to the need for an explanation as to added expenses. On September 2, 2011, an order was entered modifying the Plan (Docket No. 105), reducing the Plan payments from $1,711.27 to $1294.01, with a provision that said only that "the 2007 Toyota Tundra is surrendered and the Stay shall be lifted," as to the secured creditor. Following the entry of that order, that creditor took possession of the vehicle, sold it, and applied the proceeds to the balance due, and then filed an amended claim as a secured claim, but in a reduced amount reflecting both the results of the sale of the vehicle, and the payments on the claim that had been made by the Trustee up to that time. Debtor objected arguing in essence that the nature of the claim, given the modification, changed to one for a deficiency to be thus treated as an unsecured claim under the Plan (which, if so in this particular case, means that nothing will

1

be paid on that claim balance). A provision of the confirmed plan says that "upon entry of an Order Lifting Stay, no distribution shall be made to the secured creditor until such time as an amended claim is filed by such creditor." Apparently following the lift of the stay order, the Trustee in fact stopped paying the claim as a secured claim and since then has stated to the parties that a court order is required to have the Trustee do so.

Some amended claims were filed by the secured Creditor and objected to, etc., and some jousting occurred around such including the amounts involved, though such is not relevant to disposition of the main issue here. That issue and the subject of the Creditor's Motion is essentially whether or not the Modification Order also effected a change in the classification of the claim from secured to unsecured. The Creditor argues that the applicable law is that the Modification Order did not (and could not) change its treatment from what was provided in the confirmed plan, i.e.: entitlement to treatment as a secured creditor in the amount set forth in the confirmed plan( with the amount to be paid to be accurately and properly reflective of the proceeds of the sale of the collateral and any amounts already paid to the Creditor by the Trustee on the claim prior to the lift of stay).. The Court agrees with the Creditor's position. The language of the Modification Order itself does not reflect any change in the classification, nor could it; and given the hereinafter cited law with respect to modifications of the type involved here. Any failure to have objected to the Modification on the part of the Creditor should not operate to adversely affect its position on the Motion before the Court. The law in this Circuit as stated and applied by this Court in *Charlick vs. Research Federal Credit Union*, 10-5473 (Docket No. 34), applying *In re Nolan*, 232 F.3d 528 (6th Cir. 2000) (a case in which the debtor unsuccessfully affirmatively sought to reclassify as an unsecured claim a deficiency resulting from the sale of a surrendered vehicle) is that the statute does not even allow

2

for a modification of a Chapter 13 plan to include an increase or reduction in the total amount of a claim, particularly a secured claim specifically provided for in the plan (though a modification can deal with an alteration or timing of specific payments). Such is the necessary result of the binding and res judicata effect of a plan and its provisions regarding valuations (and payments) of claims, and secured claims in particular.

It should also be noted that the provision in the Plan itself stopping payments on the secured claim when the stay is lifted does not mean that the claim is thereby changed to an unsecured claim. Rather it would appear the purpose of such is to ascertain what will be the remaining balance of the secured claim after the secured Creditor exercises its rights and applies to the balance what funds it has previously received and will receive as a result of that exercise. Then the Trustee and the parties by way of the now amended claim reflecting such, when payments resume after it is filed, will be able to determine when that claim (still treated for payment purposes as secured even though the collateral has been disposed of) will have been paid in full.

Accordingly, **IT IS HEREBY ORDERED** that the Creditor shall present an order consistent with this Opinion.

**Signed on May 15, 2013**

                                        **/s/ Walter Shapero**
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**