UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

JOHN BUTLER and
TERRY BUTLER,

    Debtors.
_____/

Case No.: 09-75151
Chapter 13
Hon. Walter Shapero

## OPINION DENYING DEBTORS' MOTION FOR RECONSIDERATION

### BACKGROUND

On May 7, 2010, an order was entered confirming Debtors' Second Amended Plan, including a provision treating a secured claim covering a 2007 Toyota Tundra vehicle to be paid at the rate of $355.20 per month for a total of $21,311.75 over 60 months. On July 25, 2011, Debtors filed a Plan Modification which, among other things, set forth a surrender of that vehicle and a lift of the automatic stay (citing reduced income and a need to reduce plan payments as the rationale for the Modification). World Omni Financial Corp. ("Creditor") did not object. Only the Trustee filed an objection, which related to the need for an explanation as to added expenses. On September 2, 2011, an order was entered modifying the Plan, which included a provision that said only that "the 2007 Toyota Tundra is surrendered and the Stay shall be lifted," as to the secured creditor. Following the entry of that order, Creditor took possession of the vehicle, sold it, and applied the proceeds to the balance due, and then filed an amended claim as a secured claim, but in a reduced amount reflecting both the results of the sale of the vehicle, and the payments on the claim that had been made by the Trustee up to that time. A provision of the confirmed plan says that "upon entry of an Order Lifting Stay, no distribution shall be made to the secured creditor until such time as an amended claim is filed by such creditor." Debtors

objected arguing in essence that the nature of the claim, given the modification, changed to one for a deficiency to be thus treated as an unsecured claim under the Plan (which, if so in this particular case, means that nothing will be paid on that claim balance).

Creditor filed a Motion for Clarification of Court's Order Modifying Plan dated September 2, 2011. The Court held a hearing on the Motion and, on May 15, 2013, issued an opinion determining that the deficiency should be paid as a secured claim. An order in conjunction with that opinion has yet to be entered because, on May 29, 2013, Debtors filed the present Motion for Reconsideration.

## DISCUSSION

Reconsideration requires that the movant "shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof." Local Bankruptcy Rule 9024-1(a)(3). To establish a palpable defect, the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." See Henderson v. Walled Lake Consolidated Sch., 469 F.3d 479, 496 (6th Cir. 2006). Only the first and perhaps the fourth items are relevant here.

Debtors' first basis for reconsideration is that, because Creditor failed to object to the plan modification and accepted the surrender of the vehicle, Creditor is "bound by the amended plan" and no longer held a secured claim. Debtors attempt to use Creditor's failure to object as a way to distinguish In re Nolan, 232 F.3d 528 (6th Cir. 2000), which this Court relied upon in its opinion. The Sixth Circuit Court of Appeals held that a debtor cannot modify a play by surrendering collateral to a secured creditor, having that creditor sell it and apply the proceeds toward the claim, and having the deficiency classified as a secured claim. Id.; In re Adkins, 425

F.3d 296 (6th Cir. 2005). The Bankruptcy Code only allows the modification of the amount and timing of payments, not the total amount of the claim. This Court finds no clear error of law or manifest injustice in its previous opinion. Pursuant to the above-referenced cases, the surrender of the vehicle and its subsequent sale, did not affect the nature of Creditor's secured claim. Indeed, Debtors are correct that Creditor is "bound by the amended plan." The amended plan, as a matter of law, precluded Creditor's secured claim from being transferred to an unsecured claim.

Debtors' second basis for reconsideration is that this Court's previous opinion failed to consider the effect of the disallowance of Creditor's claim. Creditor filed several claims. The first was filed prior to the surrender and sale of the vehicle. The second and third claims were objected to by Debtors and later withdrawn. Notably, Creditor's withdrawal stated "Any other claims filed in the Bankruptcy by this Creditor remain and are not altered by this withdrawal of claim." (Dkt. 115). The fourth was objected to by Debtors and, because Creditor did not respond to said objection, was disallowed by and order of this Court. After this disallowance, Creditor filed the fifth and final amended proof of claim for $3,446.87. Debtors' argument is that, pursuant to 11 U.S.C. § 506(d), the disallowance of the fourth claim destroyed Creditor's lien as a matter of law. The Court does not find that statute applicable here. Indeed, the fourth claim, which amended the first, was disallowed. However, the lien was not destroyed. Creditor continued to have a valid claim and eventually provided the fifth and final one. The disallowance of an amendment should not be construed to be a disallowance of both the claim and the underlying lien. This Court finds no clear error of law or manifest injustice in its previous opinion.

## CONCLUSION

For the foregoing reasons, Debtor's Motion for Reconsideration is denied. Creditor shall prepare an appropriate order that (a) grants its Motion for Clarification (Dkt. 127) and (b) denies Debtors' Motion for Reconsideration (Dkt. 146).

.

**Signed on July 23, 2013**

                                                   **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**